No. 3161.—GEORGE S. SAWYER *v.* ROBERT DAVIS et al., and ROBERT DAVIS et al. *v.* GEORGE S. SAWYER. (Consolidated.)

The employer who has made a contract with laborers, whereby the latter are to make and gather the crop of cotton for a certain portion thereof, and the employer is compelled to engage other labor to help pick and gather the cotton, he, the employer, has a lien and privilege on that part of the cotton which may fall to the laborers to secure the reimbursement of such expense.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough*, J. *George S. Sawyer*, in proper person, appellant. *G. S. Mayo*, for appellees.

TALIAFERRO, J. This is a controversy between an employer and a number of laborers engaged by him in the cultivation of a cotton plantation during the year 1869. A written contract was entered into between the plaintiff and Henry Zinco as planting partners on the one side, and about thirty laborers on the other, by which it was agreed on the part of the laborers that they would work on St. Genevieve plantation, in the parish of Concordia, in a good and faithful manner for the employer during the year 1869, in producing a crop of cotton and corn; that they would obey all orders that Sawyer and Zinco or their agent might give from time to time, put up and repair fences, and perform any work that might be required to be done; that, failing in any of these engagements, Sawyer and Zinco were to have the privilege to declare the contract void so far as any one offending was concerned. The employers were to furnish the work animals needed in the cultivation of the place, feed for the animals, the farming utensils, etc., needed on the place, furnish provisions for the laborers, and give them the one-fourth part of all the cotton and corn grown on the plantation that year.

It seems that about the first of July of the year 1869 Zinco and Sawyer dissolved partnership, the latter, as he alleges, having purchased the interest of the former in the business.

About the commencement of the picking season, or not long afterward, dissensions and difficulties arose between the parties to this contract. The employer, without the consent of the laborers employed

under the contract, engaged other laborers to pick cotton on the St. Genevieve plantation, informing the regular employes that they would be required to pay their proportional amount of the expense of these additional laborers, and he aimed to justify this act by saying that the laborers on the place failed to do their duty in the matter of picking the cotton, that they were remiss in their labor, not having worked two-thirds of the time they had contracted to work. During the month of November the first shipment of cotton was made from the plantation to New Orleans. About twenty bales were, by the direction of Mr. Sawyer, hauled out to the river bank to be shipped, when the laborers took possession of five of these bales and hauled them back to the plantation, claiming them as their share of the twenty bales. The employer thereupon took out an injunction against fifteen of the employes to restrain them from refractory and disobedient conduct relative to the business of the plantation, and from interfering with any portion of the crops raised on the plantation until a fair division of the crops or their proceeds could be made. He prays judgment annulling the contract as to them; that the one-fourth part of the crop or its proceeds be divided among all the laborers who have worked in and helped to make and gather the same, according to the time they worked, etc. The injunction was served about the twenty-second of November.

In the month of February following twenty-six of the laborers, by their counsel, prayed for and obtained a writ of provisional seizure to seize and take into the possession of the sheriff the crop or a sufficient amount thereof, if found, to satisfy their demand, and if not found, a sufficient portion of the proceeds thereof, alleging that they have by law a privilege upon the crop or its proceeds. They aver that the crop raised on the St. Genevieve plantation in the year 1869, amounted to two hundred bales or thereabout, of the average weight of four hundred pounds each; that it has been entirely removed from the plantation; that a part of it, as they have reason to believe, has been shipped to New Orleans and sold on account of G. S. Sawyer; that they have not received more than eleven bales in the whole. They pray judgment for one-fourth the amount of the crop less the eleven bales they admit they have received, and that they receive the same in kind, and failing in that, that they have judgment against their said employer for such amount as may be due them at the rate of eighty-five dollars per bale.

The two suits were consolidated and tried together. The injunction was perpetuated as to two of the laborers complained against, and dissolved as to the others. The proportional amount of cotton received by the parties respectively was fixed by the judgment at one hundred and fourteen bales by G. S. Sawyer and twenty-nine by the laborers.

It decrees that one-fourth of the twelve hundred and forty-eight dollars paid out to the third parties for picking cotton be refunded to him by the laborers employed to make the crop; that the provisional seizure be sustained, and the privilege claimed recognized; that the cotton seized under the writ be divided by the sheriff by weight, and decreed the basis and manner of this division; that a privilege in favor of Sawyer be recognized on that portion of the cotton falling to the laborers to secure the payment to him of the one-fourth of the twelve hundred and forty eight dollars paid by him as aforesaid. The costs in both proceedings to be paid by the employer, except those the payment of which is provided for by the two parties against whom the injunction was sustained. From this judgment Sawyer, the employer, has appealed.

There is a mass of evidence in the record of a very contradictory character. It is apparent enough that neither of the contracting parties have properly complied with their obligations. There seems to have been dissatisfaction on the part of the employer on account of the manner in which the labor was performed, and distrust on the part of the laborers of the fairness and good faith of the employer. After a review of the testimony, we are not inclined to think that justice has not been done between the parties.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.